IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE ALLIANCE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, <br><br> Defendants. | 8:21CV188 <br><br><br> **MEMORANDUM AND ORDER** |

    This matter is before the Court on plaintiff The Alliance Group, Inc.'s ("Alliance") Motion to Reconsider (Filing No. 26) and Motion to Add Additional Evidence (Filing No. 29) to that motion. Without specifying a procedural basis for its motions, Alliance asks the Court to (1) "set this matter for an evidentiary hearing on the nature of the inclusion of the choice of law clause in" the insurance policy it obtained from defendants Zurich American Insurance Company and Zurich American Insurance Company of Illinois's (collectively, "Zurich") and (2) rescind the Court's November 16, 2021, Memorandum and Order (Filing No. 25) requiring arbitration. In a one-page brief in support of its primary motion, Alliance argues that the Court's order turns on an erroneous factual finding.

    Zurich opposes both motions. According to Zurich, "Alliance has not identified a proper basis for reconsideration." Urging the Court to treat the motion to reconsider as one under Federal Rule of Civil Procedure 54,[1] Zurich contends Alliance has not shown a clear or manifest error of law or fact as required in cases like *Jones v. Casey's General Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) and *Chatmon v. Kelly*, No. 5:16-CV-133

---

[1]Rule 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims."

KGB/JTR, 2018 WL 11166721, at *1 (E.D. Ark. Feb. 15, 2018). Zurich also challenges Alliance's motions on the merits. Alliance did not file a reply brief.

After careful review of the record and the parties' submissions, including Alliance's proposed "additional evidence," the Court finds Alliance has not provided a compelling reason for the Court to alter its choice-of-law decision in this matter. A motion to reconsider serves a very "limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir. 1987)). At root, Alliance's argument is simply a new spin on an argument it already made. A motion to reconsider cannot be used to bolster or relitigate prior arguments or "to 'introduce new evidence that could have been adduced during pendency' of the motion at issue." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman*, 839 F.2d at 414).

For those reasons, The Alliance Group, Inc.'s Motion to Reconsider (Filing No. 26) and Motion to Add Additional Evidence (Filing No. 29) are both denied.

IT IS SO ORDERED.

Dated this 7th day of January 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge